THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIO CESAR MENDOZA CHAVEZ,<br>Plaintiff<br><br>V.<br><br>MICHAEL CHERTOFF, as Secretary of the<br>Department Homeland Security; BRUCE<br>CHADBOURNE, Field Director for Detention<br>and Removal, New England Field Office,<br>United States Immigration and Customs<br>Enforcement; ANDREA J. CABRAL, Suffolk<br>County Sheriff; GERARD HORGAN, Superin-<br>tendent, Suffolk County House of Corrections;<br>MICHAEL GARCIA, Assistant Secretary,<br>United States Immigration and Customs<br>Enforcement; and ALBERTO GONZALES,<br>Attorney General of the United States<br>Defendants | 05 11379 MLW<br><br>CIVIL ACTION FILE NO._____<br><br>MAGISTRATE JUDGE Sorokin<br><br>COMPLAINT<br><br>RECEIPT #_____<br>AMOUNT $ 5<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1_____<br>WAIVER FORM_____<br>MCF ISSUED_____<br>BY DPTY. CLK. TDM<br>DATE 6/29/05 |

**PETITION FOR A WRIT OF HABEAS CORPUS AND
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
(WITH TEMPORARY RESTRAINING ORDER)**

**VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

PETITIONER/PLAINTIFF (hereinafter "Petitioner"), Julio Cesar Mendoza Chavez, by and through his undersigned counsel, hereby petitions this Honorable Court to issue a writ of habeas corpus to review his unlawful detention by the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), to review the enforcement of an order of deportation that either was discharged by reason of Petitioner's departure from the United States outside a period of voluntary departure or else failed to arise by reason of Petitioner's departure from the United States during a period of voluntary departure, to enjoin his transfer from Boston, Massachusetts to Oakdale, Louisiana and his removal from the United States. Petitioner also files this action for declaratory and injunctive relief to protect his rights under both the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law. In support of this petition, Petitioner alleges as follows:

## CUSTODY

1.      Petitioner currently is held in the Suffolk County House of Corrections at 20 Bradston Street, Boston, Massachusetts, operated and controlled by Defendant Andrea J. Cabral, Sheriff of Suffolk County, Massachusetts and under the superintendency of Defendant Gerard Horgan. Petitioner is held in such facility as an immigration detainee under the control of Bruce Chadbourne, Field Director for Detention and Removal, New England Field Office, United States Immigration and Customs Enforcement.

## EXHAUSTION

2.      Petitioner has exhausted his administrative remedies and his only remedy is by way of this judicial action.

3.      No petition for a writ of habeas corpus, or any other request for judicial review, has previously been files in any court to review the detention and restrain complained of herein.

## JURISDICTION

4.      This action arises under the Constitution, the Immigration and Nationality Act of 1952, as amended (the INA), 8 USC §1101 *et. seq.*, and the Administrative Procedure Act (the APA), 5 USC *et. seq.* This Court has habeas corpus jurisdiction pursuant to 28 USC §2241 *et. seq.*; Art. I, §9, Cl. 2 of the United States Constitution (the Suspense Clause); and the common law. This Court may also exercise jurisdiction pursuant to 28 USC §1331 and may grant relief pursuant to the Declaratory Judgement Act, 28 USC §2201 *et. seq.*, and the All Writs Act, 28 USC §1651. Finally, this Court has mandamus jurisdiction pursuant to 28 USC §1361.

## VENUE

5.      Venue lies in the United States District Court for the District of Massachusetts, the judicial district where the Petitioner is detained. 28 USC §2241 *et. seq.* and 28 USC §1391.

## PARTIES

6.      Julio Cesar Mendoza, Petitioner, is a citizen of Honduras. He is 46 years old. He has resided in the United States from 1977 through the present with one interruption of approximately four months in 1978.

7.      The Respondent/Defendant Michael Chertoff is the Secretary of the Department Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security and the Department of Justice. 8 USC §1103(a).

8. The Respondent/Defendant Michael Garcia is the Assistant Secretary of United States Immigration and Customs Enforcement, and this action is brought against him in his official capacity. United States Immigration and Customs Enforcement is charged with the enforcement of the immigration and customs laws in the United States.

9. The Respondent/Defendant, Bruce Chadbourne is the Field Director for Detention and Removal, New England Field Office, United States Immigration and Customs Enforcement, Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with the authority to arrest, detain and remove persons from the United States.

10. The Respondent/Defendant Andrea J. Cabral is the duly elected Sheriff of Suffolk County, Massachusetts. This action is brought against her in her official capacity. She controls and operates the Suffolk County House of Correction where Petitioner currently is detained. The Respondent/Defendant Gerard Horgan is the superintendent of the Suffolk County House of Corrections where Petitioner is detained and is the immediate custodian of Petitioner. This action is brought against him in his official capacity.

11. The Respondent/Defendant Alberto Gonzales is the Attorney General of the United States, United States Department of Justice. This action is brought against him in his official capacity. The Department of Justice and the Attorney General was responsible for the enforcement of the Immigration and Nationality Act through 2002 and oversaw the Immigration and Naturalization Service as one of the agencies of the United States Department of Justice. Following the creation of the Department of Homeland Security in November 2002, many responsibilities and functions of the Department of Justice and the Attorney General were transferred to the Department of Homeland Security. Notwithstanding the reorganization of the Immigration and Naturalization Service in 2002 and 2003, the United States Department of Justice and the Attorney General retain authority over diverse aspects of immigration process which may be involved in these proceedings.

## FACTS

12. Petitioner Julio Cesar Mendoza, a citizen of Honduras, entered the United States in 1977. He remained in the United States from 1977 through the present, except for a period of approximately 4 months in 1978.

13. In 1978, the Immigration and Naturalization Service apprehended Petitioner and sought to remove Petitioner to Honduras as a non-United States citizen who had entered the United States without inspection.

14. Petitioner believes that the Attorney General issued in 1978 an order allowing Petitioner to voluntarily depart the United States within a fixed time period and by way of an alternate order ordering Petitioner's deportation if Petitioner failed to depart within the fixed time period. Petitioner further believes that the alternate order or deportation was entered on or about February 22, 1979.

15. Petitioner departed the United States prior to August 1978 and was in Honduras at the time of his father's death on August 14, 1978 and funeral shortly thereafter. Petitioner believes the date of his departure from the United States was July 14, 1978. When Petitioner

departed the United States, he either departed pursuant to the allowed period of voluntary departure, in which case the condition for issuance of the alternate order of deportation did not arise, or else he self-deported, in which case the order of February 22, 1979 was mooted and discharged.

16. Petitioner returned to the United States from Honduras approximately four months after he had left in 1978. Petitioner believes he returned to the United States in November 1978. Petitioner has stated in filings with the Department of Homeland Security that he entered the United States in September 1978. Upon careful reflection and in preparation of this filing, Petitioner believes that he returned in November, rather than September 1978.

17. Petitioner's mother, Maria Chavez, is a naturalized United States citizen. She held lawful permanent residency in the United States from 1981 through the time she was naturalized in 2000. Petitioner's mother currently is 80 years old and is a resident of Chelsea, Massachusetts.

18. Petitioner's mother filed a visa petition for Petitioner in 1996, asking the Immigration and Naturalization Service to classify Petitioner as the unmarried adult son of a lawful permanent resident alien. Immigration and Naturalization Service approved the Petition on October 24, 1996 and set a priority date for an immigrant visa under section 203(a)(2)(B) of the Immigration and Naturalization Act of September 12, 1996. Both Petitioner and Petitioner's mother believe that Petitioner's mother filed a similar visa petition for Petitioner in September 1981 and that the Immigration and Naturalization Service approved the same shortly thereafter. Neither Petitioner nor his mother have copies of the 1981 filings and approval as neither they nor Petitioner's attorney retained copies of the same for these past twenty years. If, in fact, Petitioner's mother filed a visa petition for Petitioner in 1981 and if is was approved, the priority date on the 1996 visa petition would be 1981 date of filing, rather than September 12, 1996. See 8 C.F.R. 204.2(h)

19. In 2000 and again in 2002, Petitioner filed an application to adjust his status to that of a permanent resident alien in the United States. In filing his applications, he relied on Section 245(i) of the Immigration and Nationality Act which allows such filings to persons who have entered the United States without authorization, have worked without authorization, and might otherwise be precluded from adjusting status in the United States. The 2002 application to adjust status currently is pending. The Immigration and Naturalization Service treated the 2000 application as abandoned as Petitioner failed to respond in a timely manner to a request for additional information.

20. In June 2005, Petitioner was arrested by law enforcement officers on suspicion of committing a criminal act. Law enforcement officials determined, after taking Petitioner's fingerprints, that he was not the person they suspected of the crime. Nevertheless, while detained, law enforcement officers determined that Petitioner was the subject of the 1979 order of deportation.

21. On or about June 14, 2005, the New England Field Office of the Bureau of Immigration and Customs Enforcement notified Petitioner that it would execute and carry out an order of deportation it claimed was dated February 22, 1979.

22. The New England Field Office plans to move Petitioner to Oakdale, Louisiana on June 30, 2005 and to then remove him to Honduras when travel papers are available and transportation arranged.

23. Petitioner has not had a reasonable opportunity to demonstrate that the 1979 order of deportation either was mooted and discharged by reason of Petitioner's departure from the United States or else did not come into being by reason of Petitioner's departure from the United States during a period when he was allowed to depart voluntarily.

24. Respondents have not sought to reinstate the 1979 order of deportation as permitted by 8 U.S.C. 1231 (a)(1)(5) [§241(a)(5), Immigration and Nationality Act] and 8 C.F.R. 241.8. Such provisions afford Petitioner an opportunity to provide a written or oral statement regarding the 1979 order and to demonstrate that the prior order either was mooted and discharged by reason of Petitioner's departure from the United States or else did not come into being by reason of Petitioner's departure from the United States during a period when he was allowed to depart voluntarily.

25. Moreover, under decisions of this Circuit, Petitioner is to have an opportunity to demonstrate that the application of the reinstatement provisions to him, to the extent it might deprive him of the ability to apply for relief from deportation that was available on or before April 1, 1997, would be impermissibly retroactive. See Lattab v. Ashcroft, 384 F. 3d 8 (1st Cir. 2004); Arevalo v. Ashcroft, 344 F. 3d 1 (2003)

26. Immediately prior to April 1, 1997, Petitioner had available at least two potential defenses against deportation, to wit: (a) if he could establish that the priority date resulting from his mother's 1996 visa petition was current as of March 31, 1997, he could have sought adjustment of status at that time; and (b) if he could establish that he had been a person of good moral character for the seven years preceding March 31, 1997, that he had resided in the United States for such period, and that his removal to Honduras would result in extreme hardship to himself or to his lawful permanent resident alien mother, he could have sought suspension of deportation. Moreover, in conjunction with any application for adjustment filed before or after April 1, 1997, Petitioner could apply for consent to reapply for admission after deportation and ask for such consent to be granted retroactively nunc pro tunc to the date Petitioner returned to the United States in 1978, thereby rendering the 1978 entry lawful. See 8 C.F.R. 212.2(I).

27. Respondents have not initiated any proceedings before the Immigration Court to remove Petitioner. Such proceedings would give Petitioner the opportunity to obtain an administrative determination that the 1979 deportation order either failed to come into being as Petitioner had voluntarily departed the United States during the voluntary departure period or else was mooted and discharged by Petitioner's self-deportation. Such proceedings also would give the Immigration Court the authority to review any bond determination made by Respondents. Respondents have not set any bond to allow Petitioner to be free of detention during the pendency of such proceedings.

### RIGHT TO JUDICIAL INTERVENTION

28. The basis for this Court's habeas jurisdiction to review the Petitioner's claim is contained in 28 USC §2241, the general grant of habeas jurisdiction bestowed on the federal district courts, which neither the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), nor the IIRAIRA, nor the REAL ID eliminated. Petitioner does not seek review of an order of removal or deportation  Petitioner seeks review of his detention and the enforcement of a deportation order which either has been mooted and discharged and is a nullity for enforcement purposes or, in the

alternative, which did not arise as Petitioner departed the United States voluntarily during a voluntary departure period.

29. The Petitioner is also entitled to have his detention reviewed under the common law and as a matter of constitutional right. The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." U.S. constitution, Art. I, §9, Cl. 2(Suspension Clause).

30. In the present action, the petitioner asserts that his detention by the Respondent is in violation of the Constitution, the INA, and the APA.

## COUNT ONE
(Substantive Due Process Violation)

31. The allegations contained in paragraphs 1 through 30 above are repeated and realleged as though fully set forth herein.

32. Petitioner is being held and detained pursuant to a 1979 order of deportation that either did not come into being because Petitioner left the United States during a period of voluntary departure or else was mooted and discharged because Petitioner left the United States, thereby self-deporting.

33. Enforcement, through detention and removal, of an order that either did not come into being or else was mooted and discharged is illegal and violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO
(Procedural Due Process Violation)

34. The allegations contained in paragraphs 1 through 30 above are repeated and realleged as though fully set forth herein.

35. Respondents have deprived Petitioner of all meaningful opportunity of demonstrating that the 1979 deportation order either did not come into being because Petitioner left the United States during a period of voluntary departure or else was mooted and discharged because Petitioner left the United States, thereby self-deporting.

36. Enforcement, through detention and removal, of an order, without affording Petitioner a meaningful opportunity of showing that it either did not come into being or else was mooted and discharged, denies Petitioner the Due Process Clause of the Fifth Amendment.

## IRREPARABLE HARM

37. The Respondent's conduct is depriving Petitioner of his liberty without providing his due process of law. The deprivation of his liberty is, in and of itself, irreparable harm.

38. Removal of Petitioner from the United States deprives Petitioner of the benefits of §245(i) of the Immigration and Nationality Act, renders Petitioner inadmissible to the United States for a period of ten years (§212(a)(9)(B) as a person who has been unlawfully present in the United States for one or more years and renders Petitioner inadmissible to the United States for a period of ten years (§212(a)(9)(A) as a person who was removed, if the planned removal is treated as the first removal or else for a period of twenty years (§212(a)(9)(A) as a person who was removed, if the planned removal is treated as the second removal. Petitioner's mother, who is the applicant for Petitioner's visa, is an United States citizen, resides in the United States, and is 80 years old. If Petitioner is removed, the probability of his seeing his mother prior to her death is remote. Petitioner's siblings are United States citizens and reside in the United States. Petitioner has no immediate relative in Honduras.

39. Transportation of Petitioner from Boston, Massachusetts to Oakdale, Louisiana prevents Petitioner from having any reasonable access with his attorney and significantly impairs his attorney's ability to properly prepare and present Petitioner's case.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Petitioner prays this Honorable Court to grant the following relief:

(1) (a) Issue a writ of habeas corpus, directed to the Respondents, ordering them to release Petitioner immediately on his own recognizance or on a reasonable bond or ordering an Immigration Judge to hold a bond hearing; or

(b) Issue an Order declaring that the Respondents' conduct is unconstitutional and illegal for the following reasons:

(1) because it violates the Petitioner's substantive due process rights under the Due Process Clause of the Fifth Amendment to the United States Constitution;

(2) because it violates the Petitioner's procedural due process rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution;  .

(2) Issue an order directing the Respondents not to transfer Petitioner from Boston, Massachusetts to Oakdale, Louisiana or to any other place.

(3) Issue an order directing the Respondents not to remove Petitioner from the United States during the pendency of these proceedings.

(3) Award to Petitioner his costs and reasonable attorneys fees.

(4) Grant any other and further relief that this Honorable Court may deem fit and proper.

Dated: Boston, Massachusetts
                    June 29, 2005

                              Respectfully submitted,

Julio Cesar Mendoza Chavez, Petitioner

By: *[signature]*

Vard R. Johnson, BBO# 660137
Suite 210, 18 Tremont Street
Boston, Massachusetts 02108
   1-617-557-1711
   1-617-557-4711 (FAX)
   vardinboston@verizon.net
Petitioner's Attorney

## VERIFICATION

Vard R. Johnson, under penalty of perjury, states that he is the attorney for the Petitioner in the foregoing Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relied, and he affirms the truth of the contents thereof upon information and belief, and he believes same to be true, and he further states that the sources of his information and belief are statements made to him by the Petitioner during his interview with Petitioner at the Suffolk County House of Corrections and by Petitioner's mother and sister, and by review of documents presented to him by Petitioner's mother and sister.

Dated: June 29, 2005.

*[signature]*
Vard R. Johnson

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX C LOCAL COVER SHEET

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Julio Cesar Mendoza Chavez, Plaintiff, v. Michael Chertoff, Sec'y. Department of Homeland Security, et al._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    — II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ✗ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    — V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _None_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ☐    NO ☒

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES ☒    NO ☐

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Vard R. Johnson_
ADDRESS _Suite 210, 18 Tremont St., Boston, Mass. 02108_
TELEPHONE NO. _617-557-1711_

(AppendixC.wpd - 11/27/00)

JS 44 (Rev. 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Julio Cesar Mendoza Chavez

**DEFENDANTS** Michael Chertoff, Sec'y Department of Homeland Security; Bruce Chadbourne, Field APPENDIX B CIVIL COVER SHEET Director, ICE; Andrea Cabral, Suffolk Cty. Sheriff; Michael Garcia, Ass't Sec'y, ICE, Alberto Gonzales, Attorney General

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Vard R. Johnson
Suite 210, 18 Tremont St.
Boston, Mass. 02108; 1-617-557-1711

Attorneys (If Known)
U.S. Attorney

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | Injury | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☒ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   Habeas Corpus: | | | Determination |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | or Defendant) | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | State Statutes |
| | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 2241 — unlawful detention resulting from enforcement of deportation order that is not enforceable.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $**   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE June 29, 2005   SIGNATURE OF ATTORNEY OF RECORD  Vard R. Johnson

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUN_____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____