UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


JULIO CESAR MENDOZA CHAVEZ,  )
                                      )
     Petitioner,               )
                                        )      Civil Action No.
v.                               )      05-11379-MLW
                                        )
ALBERTO GONZALES, Attorney   )
General of the United States, et al.,   )
                                        )
     Respondents.           )

**MEMORANDUM IN SUPPORT OF THE RESPONDENTS'
MOTION TO DISMISS**

Respondents move to vacate the order of stay and to dismiss this action pursuant to the jurisdiction stripping provisions of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA").  As noted more fully below, Congress has eliminated any and all habeas jurisdiction to entertain challenges to the validity of an order of removal and/or any action taken or proceeding brought to effect removal of an alien and provided for exclusive jurisdiction for any and all such claims in the courts of appeal.

Petitioner's sole recourse is to seek a stay and to reopen proceedings before the IJ or BIA, and seek review of any unfavorable decision in the appropriate court of appeals.

## FACTS[1]

The Petitioner, a Honduran national, entered the United States (illegally) in 1977. Petition, ¶1. In 1978, INS apprehended Petitioner and instituted deportation[2] proceedings. Id., ¶2. Petitioner was granted voluntary departure and claims to have left the United States for four months between August and November of 1978. Id., ¶14-15.[3] Despite Petitioner's "self-deportation," a removal order entered against Petitioner on or about February 22, 1979. Id., ¶14.

Petitioner also contends that his mother filed a visa petition on his behalf in 1981, and that the Petition was granted. Id., ¶18. Petitioner also claims to have filed petitions for adjustment to permanent resident alien status in 1996, 2000 and 2002. Id., ¶18-19.

Petitioner was detained in June 2005, on unrelated charges and determined to be the subject of a 1979 removal order. Id., ¶20.

---

[1] For purposes of the motion, all factual allegations are taken as true.

[2] "Before the 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), aliens ineligible to enter the country were denominated "excludable" and ordered "deported." 8 U.S.C. §§ 1182(a), 1251(a)(1)(A) (1994 ed.). Post-IIRIRA, such aliens are said to be "inadmissible" and held to be "removable." 8 U.S.C. §§ 1182(a), 1229a(e)(2) (2000 ed.)." Clark v. Suarez Martinez, 125 S.Ct. 716, 721 n.2 (2005).

[3] The burden of proof as to this issue is on Petitioner. See, e.g., Batista v. I.N.S., 2000 WL 204535, *1 (S.D.N.Y. 2000) ("Attached to the letter was a copy of Batista's Dominican Republic passport; visa stamps on the passport, Batista's attorney claimed, proved that Batista had departed the United States as required by the 1991 order. Presentation of such proof was necessary to the processing of Batista's application because

Petitioner has filed the instant Petition seeking to enjoin his removal pending an order of this Court that his removal is invalid.  Id., ¶23, ¶31-36.

## ARGUMENT

On May 11, 2005, the President signed into law the RIDA which, among other things, amends certain provisions of the Immigration and Nationality Act ("INA"). Congress amended the judicial review provisions of the INA to explicitly provide that jurisdiction to review the validity and execution of any and all removal orders lies exclusively in the United States Circuit Courts of Appeals.  Section 106(a)(1)(B) of the RIDA creates a new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

> (5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Id. (emphasis added).

---

if he had not complied with the 1991 order, Batista would have been ineligible for an adjustment. See 8 U.S.C.A. § 1182(a)(9) (1999).").

Section 106(a) of the RIDA explicitly and unequivocally eliminates habeas jurisdiction in the district courts to entertain any challenge to "any action taken" or "proceeding brought" to remove an alien. Specifically, Section 106(a)(2) of the RIDA, amends 8 U.S.C. §1252(9) to provide:

> CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW-
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Id. Section 106(a)(3) of the RIDA further amends 8 U.S.C. § 1252(g) to provide:

> EXCLUSIVE JURISDICTION.--Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

Id. (amendments italicized).

These amendments became effective on the date of enactment, May 11, 2005. See Section 106(b) of the RIDA. The instant action was filed on or about June 29, 2005.

The sum and substance of these amendments is to make explicit that no court other than the court of appeals has any subject matter jurisdiction respecting "all questions of

law and fact, including interpretation and application of constitutional and statutory

provisions, *arising from any action taken or proceeding brought to remove an alien* from

the United States," and respecting "any cause or claim by or on behalf of any alien arising

from the decision or action by the Attorney General to commence proceedings, adjudicate

cases, or execute removal orders against any alien under th[e] [INA]." <u>See</u> INA sections

242(b)(9) and 242(g), codified at 8 U.S.C. §1252(b)(9) and (g), respectively, as amended

by the RIDA.

     Petitioner's attempts to distinguish the instant claim from those falling within the

jurisdiction stripping provisions of RIDA are sophistry.  If Petitioner concedes that he

may not challenge the validity of the deportation order, the Petition fails.  By definition,

Petitioner may be lawfully removed pursuant to an unchallenged deportation order.

Similarly, regardless of whether the underlying removal order is a "nullity" or "moot" as

alleged by the Petitioner, Petitioner is indisputably seeking to enjoin the execution of such

an order.  That claim indisputably involves a claim "*arising from **any action taken** . . . to*

*remove an alien"* and/or arising from an "action by the Attorney General to . . . execute

removal orders."  <u>See</u> INA sections 242(b)(9) and 242(g), codified at 8 U.S.C.

§1252(b)(9) and (g), respectively, as amended by the RIDA (emphasis added).

     Assuming the truth of Petitioner's allegations, there is simply no relief to be

afforded by this Court.   Congress has unequivocally stripped this Court of jurisdiction to

entertain such claims. [4]  Petitioner may move for a stay and to reopen his case with the

BIA pursuant to applicable regulations and may  appeal unfavorable rulings on such

motions to the appropriate court of appeals.  This Court, however, no longer has

jurisdiction.

## Conclusion

As a consequence of the foregoing, the Petition must be dismissed for lack of

subject matter jurisdiction.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark J. Grady
Mark J. Grady, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210
(617) 748-3100

---

[4] This legislation is indisputably within Congress' constitutional authority.  See  INS v. St.
Cyr, 533 U.S. 289, 314 n.38 (2001) ("Congress could without raising any constitutional
questions, provide an adequate substitute [to section 2241] through the courts of appeal.");
see also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he substitution of a collateral
remedy which is neither inadequate nor ineffective to test the legality of a person's
detention" does not violate the Suspension Clause).