IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| JULIO CESAR MENDOZA CHAVEZ, ) | |
| Plaintiff ) | |
| ) | |
| V. ) | |
| ) | CIVIL ACTION NO.05-11379 MLW |
| ) | |
| MICHAEL CHERTOFF, as Secretary of the ) | PLAINTIFF'S MEMORANDUM |
| Department Homeland Security; BRUCE ) | IN RESPONSE TO |
| CHADBOURNE,  Field Director for Detention ) | DEFENDANTS' MOTION |
| and Removal, New England Field Office, ) | TO DISMISS |
| United States Immigration and Customs ) | |
| Enforcement;  ANDREA J. CABRAL, Suffolk ) | |
| County Sheriff; GERARD HORGAN, Superin- ) | |
| tendent, Suffolk County House of Corrections; ) | |
| MICHAEL GARCIA, Assistant Secretary, ) | |
| United States Immigration and Customs ) | |
| Enforcement; and ALBERTO GONZALES, ) | |
| Attorney General of the United States ) | |
| Defendants ) | |

Defendants have moved this Court to dismiss Plaintiff's Complaint.  Defendants assert

that the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA") deprived the

Court of all habeas jurisdiction to entertain challenges to the validity of an order of removal

and/or any action taken or proceeding brought to effect the removal of an alien and in addition

provided for exclusive jurisdiction for any and all claims in the courts of appeal.

Defendants assert that Plaintiff's remedy in this case is to return to the Immigration Court

that entered an order of deportation, seek to reopen the proceedings therein, and, if the result is

unfavorable, to effect an appeal to the appropriate circuit court of appeals.  Along the way,

1

Plaintiff should seek a stay of removal.  P. 1, Respondents' Memorandum in support of Motion to Dismiss.

<u>ARGUMENT</u>

<u>Plaintiff is neither challenging an order of removal nor asking this Court to review an order of removal</u>.

Defendants are detaining Plaintiff.  As pled, Plaintiff believes Defendants detain Plaintiff by reason of an order of deportation that may be dated February 22, 1979.  Plaintiff does not ask this Court to review the order, other than to examine it and see what it says.  Plaintiff does not challenge the order, other than to say that it does not apply to him because of facts extrinsic to the order.

Plaintiff has asserted that this order does not apply to him for one of two reasons—(a) Plaintiff left the United States during a period of approved voluntary departure, thereby making inapplicable to him any deportation provision that would arise automatically if Plaintiff did not so depart, or else (b) Plaintiff left the United States outside a period of approved voluntary departure, thereby self-deporting, and effectively  discharging the order of deportation.  Plaintiff alleges that he is denied substantive Due Process of Law to be detained and removed through a deportation order that does not apply to him by reason of his departure from the United States.

Plaintiff further asserts that the failure of the government to provide him with a meaningful opportunity to show that he departed the United States at a relevant time and that its order does not apply to him deprives him of Due Process of Law.

In the  case of a mistaken identity where the government arrests, detains and seeks to remove a person who it mistakenly  believes to be the subject of a deportation order, could it be

said that this Court lacks habeas jurisdiction to review the detention and intended removal merely because either the government or the detainee must of necessity reference the deportation order? In this instance, the detainee is neither asking the Court to review the deportation order nor is the detainee challenging the deportation order. Quite simply the detainee is claiming that the order, however it reads and irrespective of its basis in law or fact, does not apply to him.

Congress made clear that the REAL ID Act of 2005 did not cover challenges to detention when a challenge to a removal order was not involved. "Finally, it should be noted that section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." Conference Report on H.R. 1268, 151 Congressional Record H2813, 2873 (May 3, 2005) Moreover, it is clear that Congress equated a 'challenge' to a removal order with an action to obtain judicial review of the removal order.

"Significantly, this section does not eliminate judicial review, but simply restores such review to its former settled forum prior to 1996.[1] Under section 106, all aliens who are ordered removed by an immigration judge will be able to appeal to the BIA and then raise constitutional and legal challenges in the courts of appeals. No alien, not even criminal aliens, will be deprived of judicial review of such claims. Unlike AEDPA and IIRAIRA,

---

[1]This assertion, incidentally, is disingenuous. Prior to the habeas stripping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA), Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996), aliens in custody could have their orders of deportation reviewed through the habeas provisions then included in the Immigration and Nationality Act at §106(a)(10) and also through the general statutory grant of habeas at 28 U.S.C. §2241. Thus, judicial review of deportation orders was not channeled solely and exclusively through the courts of appeal, which the REAL ID Act of 2005 now attempts to do.

which attempted to eliminate judicial review of criminal aliens' removal orders, section 106 would give every alien one day in the court of appeals, satisfying constitutional concerns."Id. at 2872

As pled, Plaintiff is not asking this Court to review the applicable order of deportation, other than to read it, and accordingly is not seeking judicial review within the meaning of section 106(a) of the REAL ID Act of 2005. As noted above, he claims only that the order cannot be made to apply to him because of facts that are totally independent of the order itself, viz: he left the United States during the voluntary departure period or he left outside the voluntary departure period and self-deported. Thus, as pled, Plaintiff does not 'challenge' the order.

Plaintiff lacks adequate means for a review of his claims in the absence of a habeas review.

Defendants suggest that Plaintiff needs to do the following to effect any type of challenge to the order resulting in his current detention:

(A)   Return to the Immigration Court that imposed the order with a Motion to Reopen;

(B)   Obtain a stay of removal while the Motion is pending;

(C)   If the Motion is not granted, appeal to the Board of Immigration Appeals;[2]

(D)   If the Board of Immigration Appeals does not grant the Motion to Reopen, file with the Circuit Court a Petition for Review.

---

[2]In their Memorandum, Defendants did not specifically mention this step. However, as a matter of law, Plaintiff could go to the Circuit Court only after Plaintiff had exhausted his administrative remedies, which of course include the appeal from an adverse decision of the Immigration Court to the Board of Immigration Appeals. §242(d)(1), INA; 8 U.S.C. 1252(d)(1)

Although this is an available means to bring new matters to the attention of the Immigration Court and ultimately to the Circuit Court of Appeals, it is neither adequate nor effective. Here are the reasons.

Plaintiff could file a Motion to Reopen with the Immigration Court but it would be a futile effort as his Motion is time barred. With the passage of IIRAIRA in 1996, Congress imposed a 90 day limit on motions to reopen. §304 IIRAIRA, Pub. L. 104-208, 110 Stat. 3009 (Sept. 30, 1996); §240(c)(6)(i), INA; 8 U.S.C. §1229a (c)(6)(I). Nonetheless, by regulation, the Attorney General has provided that an Immigration Judge on her own motion or on the motion of the Service may reopen a case at any time. 8 C.F.R. 1003.23(b)(1) In addition, the Immigration Judge may reopen a case at any time on the joint motion of all the parties. 8 C.F.R. 1003.23(b)(4)(iv).

It is clear that the time bar precludes Plaintiff from presenting the merits of his claim to the Immigration Court as a matter of right. He either has to persuade the Immigration Court to exercise its jurisdiction to reopen sua sponte or else he has to persuade the Service to join with him in a motion to reopen. With the latter, his ability to seek an administrative review of his claim is totally at the discretion of opposing counsel. With the former the review of the merits of his claim is dependent upon his satisfaction of an extraordinarily high standard. He has to show an unique situation that involves the interests of justice and warrants the reopening, Matter of X-G-W-, 22 I&N Dec. 71 (BIA, 1998) superceded at 23 I&N Dec. 359 (2002) A Motion to Reopen dies once the alien is removed from the United States. 8 C.F.R. 1003.23(b)(1). Thus, unless removal is stayed, the government has the ability to preclude any type of review that could be effected through a Motion to Reopen.

The petition for writ of habeas corpus assures Plaintiff of a meaningful review of his constitutional claims while the Motion to Reopen does not.  Under the circumstances of Plaintiff's case, as pled, the Motion to Reopen is not an adequate and effective substitute for the writ Plaintiff seeks.

If the REAL ID Act of 2005 prevents Plaintiff from utilizing statutory habeas corpus to challenge his detention and ultimate removal, then Plaintiff must rely on the Court's Constitutional powers to assure the availability of the writ as Plaintiff has neither an adequate nor effective remedy to test the legality of his detention.

Constitutional questions regarding the suspension of the writ are not raised if Congress has substituted a collateral remedy which is neither inadequate nor ineffective to challenge the legality of a person's detention.  Swain v. Pressley, 430 U.S. 372, 381, 51 L.Ed 2d 411, 97 S. Ct. 1224 (1977).  The Motion to Reopen route proffered by Defendants is neither an adequate nor effective substitute for the writ.  Thus, should this Court determine that the REAL ID Act of 2005 has deprived it of statutory habeas jurisdiction over Plaintiff's claim, the Court must exercise its Constitutional powers to consider and grant the writ.

Plaintiff has pled that the Defendants need to provide him with a meaningful opportunity to establish that the order causing his detention does not apply to him, either because he left during a period of approved voluntary departure or else left outside the period, thereby self-deporting.  If Plaintiff self-deported, then the outstanding order needs to be reinstated. 8 U.S.C. 241(a)(5); 8 U.S.C. 1231(a)(5)  Under the Immigration and Nationality Act and appropriate regulations, reinstatement affords Plaintiff hearing and review  rights. 8 C.F.R. 241.8   Thus, Plaintiff raises a serious Constitutional issue—does Due Process require the government to

6

provide him a meaningful opportunity to establish facts which show the inapplicability of the deportation order to him.

The government acknowledged in <u>Wright v. Ouellette</u>, 171 F. 3d 8, 10 (1st Cir., 1998) and <u>Kolster v. INS</u>, 101 F. 3d 785, 790 (1st Cir., 1996) that, notwithstanding the stripping of statutory habeas relief, the Court continues to hold  Constitutional habeas powers to entertain Constitutional issues.  See also <u>St. Cyr</u>, supra, at 304-5.

Thus, should this Court determine that the REAL ID Act of 2005 deprived it of statutory habeas jurisdiction, it nevertheless has Constitutional habeas jurisdiction because the collateral remedy for Plaintiff's challenge of his detention is neither adequate nor effective.

<u>Conclusion</u>

For the reasons set forth herein, Plaintiff respectfully requests the Court to deny Defendants' Motion to Dismiss.

/s/ Vard R. Johnson
By:_____
Vard R. Johnson, BBO# 660137
Suite 210, 18 Tremont Street
Boston, Massachusetts 02108
1-617-557-1711
1-617-557-4711 (FAX)
vardinboston@verizon.net
Petitioner's Attorney

Certificate of Service

I, Vard R. Johnson, certify that a true copy of the above document was served upon the United States Attorney for the District of Massachusetts through electronic filing on July 22, 2005.

/s/ Vard R. Johnson
_____

Vard R. Johnson