UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIO CESAR MENDOZA CHAVEZ, )<br>)<br>   Petitioner, )<br>)<br>v. )<br>)<br>ALBERTO GONZALES, Attorney )<br>General of the United States, et al., )<br>)<br>   Respondents. ) | Civil Action No.<br>05-11379-MLW |

**FURTHER MEMORANDUM IN SUPPORT OF THE RESPONDENTS'
MOTION TO DISMISS AND IN OPPOSITION TO THE PETITIONER'S
<u>REQUEST FOR HEARING</u>**

It appears that Petitioner, having successfully moved to reopen his removal proceedings, now challenges his continued detention as "there is no final order of removal." In light of the Petitioner's success in moving to reopen his removal proceedings, Respondents move to vacate the order of stay in this matter and to dismiss this action for lack of subject matter jurisdiction.

As an initial matter, in light of the fact that there is no longer a removal order, this Court's stay of removal is moot and should be vacated. More significantly, with regard to the Petitioner's claims of unlawful detention, the Petitioner, having successfully moved to reopen the removal proceedings, is appropriately detained as an alien against whom removal proceedings have been initiated and not yet completed. <u>See</u> 8 U.S.C. §1226.

That statute expressly provides that this Court lacks jurisdiction to entertain a challenge to detention under its provisions. See 8 U.S.C. § 1226(e) ("(e) Judicial review - The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

## FACTS[1]

The Petitioner, a Honduran national, entered the United States, illegally, in 1977. Petition, ¶1. In 1978, INS apprehended Petitioner and instituted deportation proceedings. Id., ¶2. See Notice to Appear and June 9, 1978, Order of the Immigration Court, attached hereto as Exhibit 1. On June 9, 1978, Petitioner was ordered deported and given until June 14, 1978, to voluntarily depart. Exhibit 1. Petitioner claims to have left the United States for four months between August and November of 1978. Petition, ¶14-15. This departure, argues Petitioner, renders his subsequent removal order invalid as he complied with the condition of voluntary departure. See Petitioner's Opposition.

Upon his return to the United States, however, on December 6, 1978, deportation proceedings were again instituted against Petitioner. See Notice to Appear and January 11, 1979, Order of the Immigration Court, attached hereto as Exhibit 2.

---

[1] For purposes of the motion, the factual allegations of the Petitioner's habeas petition are taken as true.

2

Since, the filing of this action, Petitioner has successfully moved to reopen the second order of removal. See Petitioner's Request for a Hearing, Docket #13.

Petitioner has now moved for a "hearing" contending that detention is unlawful because "there is no final order of removal." As explained more fully below, Petitioner's contention is incorrect. His detention is lawful and is not subject to judicial review.

## ARGUMENT

A. Background – The Statutory Bases For Detention of Aliens

Title 8, Section 1226 of the United States Code, provides for the arrest, detention and release of aliens against whom removal proceedings have been initiated, but not yet completed. In the discretion of the Director of Homeland Security Aliens may be detained or released on conditions pending a final order of removal. See 8 U.S.C. § 1226.

Once a criminal alien's removal proceedings have been completed, the alien's detention during the "removal period" is governed by 8 U.S.C. § 1231. Under that section, the Attorney General is required to detain and effect removal of criminal aliens upon the entry of a final order of removal within 90 days. 8 U.S.C. § 1231(a)(2). After the 90-day "removal period" ends, if the alien has not been removed, the alien may be released subject to conditions. 8 U.S.C. § 1231(a)(3). Subsection 1231(a)(6) authorizes the Attorney General to continue to detain certain criminal aliens, or upon a finding that

the alien is "a risk to the community or unlikely to comply with the order of removal."  8 U.S.C. § 1231(a)(6).

      B.    <u>Petitioner Is Properly Detained Pursuant to 8 U.S.C. §1226</u>

Having successfully moved to reopen his removal proceedings, Petitioner indisputably may not be detained under 8 U.S.C. §1231 (governing detention of aliens subject to a final order of removal).  Petitioner deliberately disregards, however, that Congress has provided for the detention of aliens against whom removal proceedings have been initiated, but not yet completed.  <u>See</u> 8 U.S.C. § 1226.  In the procedural posture of this claim, the Petitioner's detention is authorized by 8 U.S.C. §1226 (governing aliens whose removal proceedings are not yet complete).

To the extent that Petitioner argues he is not dangerous or a flight risk, this Court lacks jurisdiction to review the discretionary decision whether to detain an alien pending completion of removal proceedings.  <u>See</u> 8 U.S.C. § 1226(e).  Nor, even absent this express statutory bar, would this Court have habeas jurisdiction to review an agency's exercise of discretion.  <u>See</u>  <u>Saint Fort v. Ashcroft</u>, 329 F.3d 191, 203 (1st  Cir. 2003 ) ("[i]f a statute makes an alien eligible to be considered for a certain form of relief, he may exercise on habeas the refusal of the agency to even consider him.  But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief.").  <u>See also, generally</u>, <u>DeMore v. Kim</u>, 538 U.S. 510 (2003) (upholding mandatory detention

of criminal aliens pending a final order of removal in the absence of individualized determinations of dangerousness or risk of flight).

Finally, to the extent Petitioner's "Request" may be deemed to challenge detention under the temporal limitations espoused in Zadvydas v. Davis, 533 U.S. 678 (2001), such argument is wholly misplaced. First and foremost, Petitioner was detained in June 2005, no such claim would lie until December 2005. More importantly, Zadvydas dealt with detention after a final order of removal. Petitioner's detention, unlike that of the Zadvydas petitioner, is finite (it terminates upon the completion of removal proceedings) and should a final order of removal be entered, Petitioner's removal may be effected in the reasonably foreseeable future. See Demore, 538 U.S. at 528-530 (expressly distinguishing Zadvydas as pre-order detention is finite as it ends upon decision of the court and noting that in Zadvydas removal was not practicably attainable).

## **CONCLUSION**

For the reasons stated herein, this Court lacks jurisdiction to entertain the claims espoused in the Petitioner's "Request for a Hearing," this Court's stay should be dissolved, and the matter dismissed for lack of subject matter jurisdiction.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark J. Grady
Mark J. Grady, Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley Courthouse
One Courthouse Way
Boston, MA 02210
(617) 748-3100

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service      No.

## ORDER TO SHOW CAUSE, NOTICE OF HEARING, AND WARRANT FOR ARREST OF ALIEN

In Deportation Proceedings under Section 242 of the Immigration and Nationality Act

UNITED STATES OF AMERICA:                 File No. A22 555 807

In the Matter of MENDOZA-CHAVEZ, JULIO CESAR                Respondent.

_____
Address (number, street, city, state, and ZIP code)

UPON inquiry conducted by the Immigration and Naturalization Service, it is alleged that:

1. You are not a citizen or national of the United States;
2. You are a native of HONDOURAS and a citizen of HONDOURAS;
3. You entered the United States at NEW YORK CITY, NEW YORK on or about JULY 1, 1977;
   (date)
4. At the time you were admitted as a nonimmigrant visitor for pleasure.
5. You have been authorized to remain in the United States until AUGUST 1, 1977
6. You remained in the United States thereafter without authority.

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

> Section 241(a)(2) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under Sec. 101(a)(15) of said act you have remained in the United States for a longer time than permitted.

WHEREFORE, YOU ARE ORDERED to appear for hearing before an Immigration Judge of the Immigration and Naturalization Service of the United States Department of Justice at _____
136 Flushing Avenue, Brooklyn, N.Y.
on JUNE 8  1978(S)  at 1.00 p.m, and show cause why you should not be deported from the United States on the charge(s) set forth above.

### WARRANT FOR ARREST OF ALIEN

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I have commanded that you be taken into custody for proceedings thereafter in accordance with the applicable provisions of the immigration laws and regulations, and this order shall serve as a warrant to any Immigration Officer to take you into custody. The conditions for your detention or release are set on the reverse hereof.

Dated: JUNE 7, 1978

(signature and title of issuing officer)
ASSISTANT DISTRICT DIRECTOR
FOR INVESTIGATIONS, N.Y., N.Y.
(City and State)

APPEAR WITH PASSPORT AND
IMMIGRATION DOCUMENTS.

Form I-221S (Rev. 8-26-76)N                (over)

## NOTICE TO RESPONDENT

ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU IN DEPORTATION PROCEEDINGS

THE COPY OF THIS ORDER SERVED UPON YOU IS EVIDENCE OF YOUR ALIEN REGISTRATION WHILE YOU ARE UNDER DEPORTATION PROCEEDINGS, THE LAW REQUIRES THAT IT BE CARRIED WITH YOU AT ALL TIMES

If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and naturalization Service. You should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you should bring the original and certified translation thereof. If you wish to have the testimony of any witness considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Order to Show Cause and that you are deportable on the charges set forth therein. You will have an opportunity to present evidence on your own behalf, to the receipt of evidence and to cross examine any witnesses presented by the Government. Failure to attend the hearing at the time and place designated hereon may result in a determination being made by the Immigration Judge in your absence.

You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation for which you may appear eligible. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

## NOTICE OF CUSTODY DETERMINATION

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, the authorized officer has determined that pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months from the date of the final order of deportation under administrative processes, or from the date of the final order of the court, if judicial review is had, you shall be:

- [ ] Detained in the custody of this Service.
- [ ] Released on recognizance.
- [X] Released under bond in the amount of $ $3,500.00

You may request the Immigration Judge to redetermine this decision.

- [X] I do    [ ] do not request a redetermination by an Immigration Judge of the custody decision.

x _Julio Cesar Mendoza_          JUNE 7, 1978
  (signature of respondent)              (date)

## REQUEST FOR PROMPT HEARING

To expedite determination of my case, I request an immediate hearing, and waive any right I may have to more extended notice.

x _Julio Cesar Mendoza_          JUNE 7, 1978
  (signature of respondent)              (date)

## CERTIFICATE OF SERVICE

_____ me at _26 Federal Plaza_ on _June 7_ 19_78_ at _2:30 p_m.

by personal service (_Spanish_) language   _Joel Mosh___
                                         (signature and title of employee or officer)

_Hut_
Interpreter

File No. A 22 555 807

UNITED STATES OF AMERICA:

UNITED STATES DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE

In the Matter of

MENDOZA-CHAVEZ, JULIO CESAR

Respondent.

In Deportation Proceedings Under Section 242 of the Immigration and Nationality Act

**DECISION OF THE IMMIGRATION JUDGE**

Upon the basis of respondent's admissions I have determined that he is deportable on the charge(s) in the Order to Show Cause.

Respondent has made application solely for voluntary departure in lieu of deportation.

ORDER: It is ordered that in lieu of an order of deportation respondent be granted voluntary departure without expense to the Government on or before _June 14, 1978_
(Date)

or any extension beyond such date as may be granted by the district director, and under such conditions as the district director shall direct.

IT IS FURTHER ORDERED that if respondent fails to depart when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings and the following order shall thereupon become immediately effective: respondent shall be deported from the United States to _Honduras_ on the charge(s) contained in the Order to Show Cause.

IT IS FURTHER ORDERED that if the aforenamed country advises the Attorney General that it is unwilling to accept the respondent into its territory or fails to advise the Attorney General within three months following original inquiry whether it will or will not accept respondent into its territory, the respondent shall be deported to _____.

Copy of this decision has been served on respondent.

Appeal: Waived ~~reserved~~

Date: _6/9/78_

Place: _New York City_

(Immigration Judge)

FINAL ORDER
MAY 9 1978

FORM I-39
(REV. 5-1-73)N

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

## ORDER TO SHOW CAUSE and NOTICE OF HEARING

In Deportation Proceedings under Section 242 of the Immigration and Nationality Act

UNITED STATES OF AMERICA:                    File No. A22 555 807

In the Matter of     MENDOZA-CHAVEZ, Julio Cesar                    Respondent.

_429 East 141st Street, Bronx, New York_
Address (number, street, city, state, and ZIP code)

UPON inquiry conducted by the Immigration and Naturalization Service, it is alleged that:

1. You are not a citizen or national of the United States;
2. You are a native of __Honduras__
   and a citizen of __Honduras__,
3. You entered the United States at __near San Ysidro, California__ on or about __September 15, 1978__
   (date)

4. You were not inspected by an Immigration Officer of the the United States Immigration and Naturalization Service.

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

Section 241(a)(2) of the Immigration and Nationality Act, in that, you entered the United States without inspection.

WHEREFORE, YOU ARE ORDERED to appear for hearing before an Immigration Judge of the Immigration and Naturalization Service of the United States Department of Justice at __26 Federal Plaza, New York, N.Y. 10007 (13th fl. Rm. 13-128)__ on __December 28, 1978__ at __8:45 a__ m, and show cause why you should not be deported from the United States on the charge(s) set forth above.

Dated:     December 6, 1978

_____
(signature and title of issuing officer)
ACTING DISTRICT DIRECTOR
_____
(City and State)
NEW YORK DISTRICT

APPEAR WITH PASSPORT AND IMMIGRATION DOCUMENTS.

jbw

Form I-221 (Rev. 7-1-73)Y

(over)

### NOTICE TO RESPONDENT

### ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU IN DEPORTATION PROCEEDINGS

### THE COPY OF THIS ORDER SERVED UPON YOU IS EVIDENCE OF YOUR ALIEN REGISTRATION WHILE YOU ARE UNDER DEPORTATION PROCEEDINGS. THE LAW REQUIRES THAT IT BE CARRIED WITH YOU AT ALL TIMES

If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. You should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you should bring the original and certified translation thereof. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Order to Show Cause and that you are deportable on the charges set forth therein. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. Failure to attend the hearing at the time and place designated hereon may result in a determination being made by the Immigration Judge in your absence.

You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation, including the privilege of departing voluntarily, for which you may appear eligible. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

Failure to attend the hearing at the time and place designated hereon may result in your arrest and detention by the Immigration and Naturalization Service.

### REQUEST FOR PROMPT HEARING

To expedite determination of my case, I request an immediate hearing, and waive any right I may have to more extended notice.

_____
(signature of respondent)

Before:

_____        _____
(signature and title of witnessing officer)                              (date)

### CERTIFICATE OF SERVICE

This order and notice were served by me on __DEC 8 1978__ in the following manner:
(date)

BY FIRST CLASS MAIL

_James V. [illegible]_ CI
(signature and title of employee or officer)

or personal service    language

Interpreter

File No. A  22 555 807

UNITED STATES OF AMERICA:

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

In the Matter of

MENDOZA CHAVEZ, Julio

In Deportation Proceedings Under Section 242
of the Immigration and Nationality Act

**DECISION OF THE IMMIGRATION JUDGE**

Respondent.

Upon the basis of respondent's admissions I have determined that he is deportable on the charge(s) in the Order to Show Cause.

Respondent has made application solely for voluntary departure in lieu of deportation.

ORDER: It is ordered that in lieu of an order of deportation respondent be granted voluntary departure without expense to the Government on or before  February 11, 1979
(Date)

or any extension beyond such date as may be granted by the district director, and under such conditions as the district director shall direct.

IT IS FURTHER ORDERED that if respondent fails to depart when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings and the following order shall thereupon become immediately effective: respondent shall be deported from the United States to  Honduras  on the charge(s) contained in the Order to Show Cause.

IT IS FURTHER ORDERED that if the aforenamed country advises the Attorney General that it is unwilling to accept the respondent into its territory or fails to advise the Attorney General within three months following original inquiry whether it will or will not accept respondent into its territory, the respondent shall be deported to _____.

Copy of this decision has been served on respondent.

Appeal: Waived-~~reserved~~

Date: January 11, 1979
Place: N.Y.C.

_____
(Immigration Judge)

**FINAL ORDER**
IMMIGRATION COURT
1/11/79

FORM I-39
(REV. 5-1-73) N

UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

# WARRANT OF DEPORTATION

No A22 555 80

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien    MENDOZA-CHAVEZ, Julio Cesar

who entered the United States at   near San Ysidro, California

on or about the       15th      day of September, 19 78, is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241(a)(2) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the
appropriation "Salaries and Expenses, Immigration and Naturalization Service, 1979", including the expenses of an attendant, if necessary.

Signature: _____

Title: ASSISTANT DISTRICT DIRECTOR FOR DEPORTATION

Date:        FEBRUARY 22, 1979

Place:        NEW YORK, N.Y.

Form I-205
(Rev. 8-4-72) N