IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| JULIO CESAR MENDOZA CHAVEZ,<br>     Plaintiff<br><br>V.<br><br><br>MICHAEL CHERTOFF, as Secretary of the<br>Department Homeland Security; BRUCE<br>CHADBOURNE, Field Director for Detention<br>and Removal, New England Field Office,<br>United States Immigration and Customs<br>Enforcement; ANDREA J. CABRAL, Suffolk<br>County Sheriff; GERARD HORGAN, Superin-<br>tendent, Suffolk County House of Corrections;<br>MICHAEL GARCIA, Assistant Secretary,<br>United States Immigration and Customs<br>Enforcement; and ALBERTO GONZALES,<br>Attorney General of the United States<br>     Defendants | )<br>)<br>)<br>)<br>)  CIVIL ACTION NO.05-11379 MLW<br>)<br>)<br>)    PLAINTIFF'S MEMORANDUM<br>)       IN RESPONSE TO<br>)  DEFENDANTS' MEMORANDUM<br>)   IN SUPPORT OF MOTION TO<br>)         DISMISS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Defendants assert in their Memorandum of October 4, 2005 that, because Plaintiff was able to persuade the Immigration Court to reopen the proceedings that generated the orders by which Defendants are holding Plaintiff, Defendants' statutory authorization for detaining Plaintiff has shifted from 8 U.S.C. § 1231 to 8 U.S.C. § 1226. (Defendants' 10/04/2005 Memo, p. 4) Defendants then assert that 8 U.S.C. § 1226(e) bars judicial review of the §1226 detention through habeas or any other means.

The Immigration Court in New York City reopened Plaintiff's 1978 case on September 20, 2005. (See Docket #13). With the reopening, all authority for continued detention under 8 U.S.C. § 1231 came to an immediate end as there no longer existed any final order of

deportation, a necessary condition for § 1231 detention.  (Defendants acknowledge this point in their Memorandum of 10/04/2005 at p. 1)  Defendants now offer up 8 U.S.C. § 1226 as their authority to detain Plaintiff.

8 U.S.C. § 1226 sets forth detention authorization as follows: "On a warrant issued by the Attorney General, an alien may be detained pending a decision on whether the alien is to be removed from the United States."   8 C.F.R. § 236.1(b) describes the legal process for securing custody and detention while deportation  proceedings are pending:

> (b) Warrant of Arrest. (1) In general.  At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest.  A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of 8 CFR chapter 1 and may be served only by those immigration officers listed in § 287.5(e)(3) of 8 CFR chapter 1."

As the foregoing attests, there is a statutory and regulatory process for arrest and detention during the course of a deportation proceeding.  A detention effected under the final-deportation-order authorization of 8 U.S.C. § 1331 does not morph into a detention effected under pre-final-order provisions of 8 U.S.C. § 1226 simply because the deportation case was reopened and the final order dissolved thereby.  For the Plaintiff to be detained under 8 U.S.C. § 1226, the Department of Homeland Security has to issue Form I-200 and serve it upon the Plaintiff.  As of this writing, that has not occurred.

It is extremely consequential to Plaintiff that the custody and detention procedures that apply during the pendency of deportation proceedings be followed as they accord Plaintiff with

2

hearing rights on bonds and conditions of release.  8 U.S.C. 1226(a) and 8 C.F.R. 1236.1(c)(8) and (d) and 8 C.F.R. 1003.19.   However, until the Department of Homeland Security exercises its authority under 8 U.S.C. § 1226 to arrest and detain Plaintiff, the aforesaid custody, detention and bond procedures are not available to Plaintiff.

Plaintiff submits that the Government needs to demonstrate to this Court its current authority to detain Plaintiff.   The Government cannot assert that statutory authority for detention exists without showing that it has exercised that authority in the manner required by law.

The Government claims that 8 U.S.C. § 1226(e) bars this Court from entertaining a review through habeas of the detention decision.  Before the Government can rest its case on the bars of § 1226(e), it first has to establish that it has properly invoked the authority of § 1226 for the detention.  Again, as of this writing, Plaintiff only knows that he was arrested and detained pursuant to § 1231 because there existed at the time of his arrest and detention an allegedly final order of deportation.[1]

---

[1] Subsequent to the September 20, 2005 order of the Immigration Court in New York City reopening the 1978 deportation proceedings, Plaintiff notified United States Immigration and Customs Enforcement in Boston in writing of this event and asked for the procedures that would flow from a § 1226 detention.  Attached to this Memorandum as Exhibit 1 is the file copy of the request.  When it went unanswered, Plaintiff asked the Immigration Court in Boston, Massachusetts to exercise its authority under 8 C.F.R. 1236.1 to review custody and bond determinations.  Attached to this Memorandum as Exhibit 2 is the file copy of the Motion for a Bond Hearing.  The Immigration Court heard the Motion on October 4, 2005 and determined that it could not then take it up as United States Immigration and Customs Enforcement had not made its initial decision on custody and bond, a necessary precursor to the Immigration Court's bond review and redetermination provisions.  United States Immigration and Customs Enforcement, through counsel, represented to the Immigration Court on October 4, 2005 that it would make its initial decisions on these matters during the week.  Accordingly, the Immigration Court continued the hearing to October 11, 2005 at 1:00 p.m.  Attached as Exhibit 3 is the Affidavit of Vard R. Johnson, Plaintiff's attorney. While it would appear from the foregoing that United States Immigration and Customs Enforcement will soon exercise detention authority under § 1226, it has not done so to the best of Plaintiff's knowledge.

Conclusion

Until the Government shows Plaintiff and this Court that it is exercising authority to detain Plaintiff under the provisions of 8 U.S.C. § 1226, the continued detention of Plaintiff without bail or other means of securing release is outside the law and habeas lies to challenge it.

In its October 4, 2005 Memorandum, the Government also asks the Court to lift the stay of removal entered July 1, 2005 as the reopening of the 1978 proceedings now prevents United States Immigration and Customs Enforcement from  removing  Plaintiff.  Until the Government clarifies that it is detaining Plaintiff under the authority of § 1227 and that it no longer is arresting and detaining Plaintiff under the authority of  § 1231, Plaintiff believes himself to be vulnerable to removal and the stay should remain in force.

Moreover, the Court's Stay of July 1, 2005 not only stayed Plaintiff's removal from the United States until further order but it also stayed transfer of Plaintiff to Oakdale, Louisiana in anticipation of deportation or removal.  Plaintiff currently is in USCIS detention in Bristol, Massachusetts and is available to his attorney as he prepares for a detention and bond hearing before the Immigration Court.  Until USCIS decides  the initial questions of detention, custody, and conditions of detention, including a bond, and the Immigration Court conducts its redetermination of the same, a lifting of the stay against transfer to Oakdale, Louisiana could be detrimental to a fair resolution of Plaintiff's case as it would place Plaintiff out of reach of his attorney[2].

---

[2] As a point of information to the Court and opposing counsel, Plaintiff reasonably believes that Plaintiff will be able to dismiss without prejudice the pending habeas case in the near future.  Once the Department of Homeland Security and the Immigration Court have decided the detention, custody, bond and bond redetermination issues and Plaintiff's 1978 deportation case is squarely before the Immigration Court for consideration and appropriate

For the reasons set forth herein, Plaintiff renews his request for a determination regarding the authority of Defendants to continue Plaintiff in detention.

Dated this 5th day of October, 2005.

By:

/s/   Vard R. Johnson
Vard R. Johnson, BBO# 660137
Suite 210, 18 Tremont Street
Boston, Massachusetts 02108
        1-617-557-1711
        1-617-557-4711 (FAX)
        vardinboston@verizon.net
        Petitioner's Attorney

---

treatment, then the pending habeas case will be moot and Plaintiff's need for stays and interim relief eliminated.   If, as noted at footnote 1, infra, the USICE makes its initial determinations this week and the Immigration Court conducts its redetermination proceeding on October 11, 2005, as scheduled, the dismissal without prejudice should occur shortly thereafter.

September 22, 2005

Mr. Bruce Chadbourne
Field Director for Detention and Removal
New England Field Office
United States Immigration and Customs Enforcement
JFK Building, 17th Floor
Boston, Massachusetts 02123

Officer David McDonald
Department of Homeland Security
United States Immigration and Customs Enforcement
JFK Building, 17th Floor
Boston, Massachusetts 02123

Mr. Frank Crowley
Department of Homeland Security
Special Assistant United States Attorney
P.O. Box 8728 JFK Station
Boston, Massachusetts 02114

Re: Julio Cesar Mendoza Chavez, A22-555-807

Dear Mr. Chadbourne, Officer McDonald and Mr. Crowley:

      The Department of Homeland Security has my client, Julio Cesar Mendoza Chavez, in custody pursuant to an orders of deportation entered in deportation proceedings in 1978 and 1979,  Yesterday, the Immigration Court reopened the proceedings.  Attached is a copy of the decision.

      If your office intends to resume the 1978 and 1979  proceedings, please set a bond forthwith.

                        Yours very truly,

                        Vard R. Johnson

Exhibit 1

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| Mendoza Chavez,  Julio | ) | File No.:        A 22-555-807 |
| | ) | |
| | ) | MOTION FOR BOND DETERMINATION |
| In Deportation Proceedings | ) |   And For EXPEDITED HEARING |
| | ) | |
| | ) | |

Respondent, Julio Carlos Mendoza Chavez, is the subject of deportation proceedings initiated in New York City in 1978.  Pursuant to orders of deportation issued in such proceedings Respondent has been in the custody of Immigration and Customs Enforcement in Boston, Massachusetts since June 14, 2005.

On September 20, 2005, the Immigration Court in New York City reopened the aforesaid proceedings and changed venue from New York City to Boston, Massachusetts. Attached as Exhibits A and B are the orders of Court reopening the proceedings and changing venue.

Notwithstanding the reopening of the proceedings and the termination thereby of any final order of deportation, Immigration and Customs Enforcement continues to hold Respondent in custody.

Respondent herewith requests an immediate determination of the conditions of detention, including the amount of bond, if any, as allowed by 8 C.F.R. 1236.1(d).

Respondent also requests an expedited hearing on this motion as he has been in custody

since June 14, 2005 and continues to be held since September 20, 2005, when the Immigration

Court reopened proceedings herein.

Julio Cesar Mendoza Chavez,  Respondent


By:_____
Vard R. Johnson, Mass. BBO # 660137.
Suite 210, 18 Tremont Street
Boston, Massachusetts 02108
    Attorney for Respondent
1-617-557-1711
vardinboston@verizon.net


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion For Bond Determination and Expedited Hearing was served upon Office of the Chief Counsel, Department of Homeland Security, Immigration and Customs Enforcement, Room 425, JFK Federal Building, 15 New Sudbury Street, Boston, Massachusetts by leaving a copy of the same with the Clerk at that office on September 30, 2005.


_____
Vard R. Johnson


Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| JULIO CESAR MENDOZA CHAVEZ, | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO.05-11379 MLW |
| | ) | |
| MICHAEL CHERTOFF, as Secretary of the | ) | |
| Department Homeland Security; BRUCE | ) | |
| CHADBOURNE,  Field Director for Detention | ) | AFFIDAVIT OF |
| and Removal, New England Field Office, | ) | VARD R. JOHNSON |
| United States Immigration and Customs | ) | |
| Enforcement;  ANDREA J. CABRAL, Suffolk | ) | |
| County Sheriff; GERARD HORGAN, Superin- | ) | |
| tendent, Suffolk County House of Corrections; | ) | |
| MICHAEL GARCIA, Assistant Secretary, | ) | |
| United States Immigration and Customs | ) | |
| Enforcement; and ALBERTO GONZALES, | ) | |
| Attorney General of the United States | ) | |
| Defendants | ) | |
| | | |
| COMMONWEALTH OF MASSACHUSETTS | ) | |
| | ) | SS |
| COUNTY OF SUFFOLK | ) | |

Before me a Notary Public came Vard R. Johnson, who, after being placed on oath stated:

1.      I am the attorney for the Plaintiff in the above referenced action.

2.      On October 4, 2005, I appeared before Hon. Thomas Ragno, Immigration Judge, Executive Office for Immigration Review, Boston, Massachusetts, as the attorney for the Plaintiff in the deportation case originating in 1978 and bearing the identifying alien number A22-555-807.   My appearance was in connection with a Motion for Bond Determination and for Expedited Hearing that I had filed for my client with the Immigration Court on September 29, 2005.

3.      At the hearing of October 4, 2005, Mr. Bill Richards, an attorney appearing on behalf of the United States Department of Homeland Security, represented to the Immigration Court that the United States Department of Homeland Security had just become aware of the reopening of the 1978 proceedings, that it had not made the initial determinations regarding detention and bond, that such determinations would be made manifest through Form I-286, and that the Department of

Homeland Security would make such determinations within a week.  Mr. Richards also asserted that the Immigration Court was without jurisdiction to render any decision on the matter of the bond until the Department of Homeland Security effected the initial determination and manifested its determination on Form I-286.

4.      The Immigration Court reached no decision on custody or a bond and continued the hearing on the bond to October 11, 2005 at 1:00 p.m.

Further Affiant saith not.

/s/ Vard R. Johnson

_____

Vard R. Johnson

Subscribed and sworn to before me this 5th day of October 2005.

/s/ Desmond P. FitzGerald

_____

Notary Public

Exhibit 3